In the Matter of COW VALLEY RANCHES, a partnership, Debtor.

Bankruptcy No. 380–01418.

United States Bankruptcy Court, D. Idaho.

Aug. 25, 1981.

John W. Weil and Herbert H. Anderson, Spears, Lubersky, Campbell & Bledsoe, Portland, Or., for Cow Valley Ranches.

David A. Gill, Sherman Oaks, Cal., for Cracker Equipment Co.

Kevin D. Padrick, Portland, Or., for Vendors Leasing Co.

M. S. YOUNG, Bankruptcy Judge.

Debtor Cow Valley Ranches has a confirmed plan of arrangement under chapter 11, of Title 11 U.S.C.

Vendor Lease Funding is the lessor of certain equipment acquired by debtor prior to the time it instituted its chapter 11 proceeding. Crocker Equipment Leasing, Inc. is also a lessor in a contract by which debtor acquired a potatoe storage building and certain grain bins prior to the start of its proceeding in Bankruptcy Court.

Under its plan of arrangement defendant debtor is to cure all defaults in the above named leases and pay the leases according to their terms. They are unimpaired claims. As such debtor must leave unaltered the contractual rights of the claim-ants, cure defaults in payment, reinstate the maturity of the debt and compensate the holder "for any damages incurred as a result of any reasonable reliance by such holder on any contractual provisions."

Debtor does not dispute the sums due under the lease agreements and the dollar amounts necessary to cure the defaults. Both lessors, however, claim attorney's fees and costs in addition to the payments necessary to bring the leases current. These costs were incurred when lessors employed attorneys to advise them of and protect their contract rights in this chapter 11 proceeding. The lease contracts of both parties provide that lessee shall pay any costs and expenses including attorney's fees incurred by lessor in exercising any of its rights or remedies under the lease or in enforcing any of the terms and conditions of the lease. Debtor contends that the action taken by lessor in this proceeding through their attorneys was not to enforce any rights under the lease and that such action was unnecessary.

I conclude that the debtor's objections to payment of attorney's fees and costs are not well taken. If a debtor is to have the right to cure defaults which he could not have cured absent the Bankruptcy Code, the non-defaulting party has the right to be made whole as a condition of debtor's right to do so. When the lessors herein employed counsel to advise them of their rights in this bankruptcy proceeding, they acted reasonably and the expenses thereby incurred were a damage incurred as a result of their reasonable reliance on their contractual right to be reimbursed for enforcing the terms of their lease in Bankruptcy Court.

The fees requested by counsel for both parties appear to be reasonable and they will be allowed. In order to assess its position and to determine whether it was adequately protected by its security, it was not unreasonable for Crocker Equipment Leasing, Inc. to obtain an appraisal of its security, thus this cost will also be allowed.

NOW, THEREFORE, IT IS ORDERED and this does ORDER that the debtor pay, as provided by its plan, all sums necessary to cure defaults plus claimed expenses by Crocker Equipment Leasing, Inc. and Vendor Lease Funding.